UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BDE MISS USA, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 3:26-CV-01718-X |
| v. | § | |
| | § | |
| THE PAGEANT GUY PRODUCTIONS, | § | |
| LLC and WILLIAM L. HENDERSON, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Chambers received a voice message from counsel for BDE Miss USA, LLC (BDE) regarding a ruling on sealing of the contract for the license. Doc. 2. The Court reminds counsel that *ex parte* communications with the Court are impermissible. Chambers should rarely be called about substantive questions, never without all parties present.

Further, the Court reminds all parties that sealing is subject to stringent standards. Construing the sealed filing as a motion, the Court **DENIES WITHOUT PREJUDICE** the motion, as the motion is facially insufficient under Fifth Circuit caselaw that governs the sealing of judicial records. The Court will allow the BDE to file an amended motion to seal within 28 days of this Order.

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

1

of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3]  That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*"[4]

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[6]  Finally, "[p]ublicly available information cannot be sealed."[7]

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520. ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public.  We will abide no such absurdity." (cleaned up)).

The moving party must: (1) identify precisely what information (pages, lines, etc.) the party wants sealed;[8] (2) conduct a line-by-line, page-by-page analysis[9] explaining and briefing why the risks of disclosure outweigh the public's right of access; and (3) explain why no other viable alternative to sealing exists.[10]  The Court instructs the clerks office to keep Doc. 2 provisionally sealed, until such time as the Court instructs otherwise. Doc. 2.

The Court notes that sometimes the true interest in sealing lies with a third party. In such cases the movant for the motion to seal must notify the third party.  It is that third party should respond to the motion with a response and declaration meeting the above standard.  If the standard isn't met, the Court will order the document unsealed or stricken from the record.

**IT IS SO ORDERED** this 2nd day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 521.

[9] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

[10] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing.").  The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No. 16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket).