UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BDE MISS USA, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1718-X |
| | § | |
| THE PAGEANT GUY PRODUCTIONS, | § | |
| LLC and WILLIAM L. HENDERSON, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINON AND ORDER

Will the real Miss Texas please stand up?  While normally these debates belong on the stage, this one can only be decided in a Court because two entities claim to have the right to operate Miss Texas USA.  Before the Court is Plaintiff BDE Miss USA, LLC's (BDE) Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 12) and Defendants The Pageant Guy Production LLC and William L. Henderson's (collectively, "The Pageant Guy") Motion and Amended Motions for Temporary Restraining Order.  (Docs. 15, 23).  After considering the briefing and the evidence presented there, the Court **GRANTS** the BDE's Motion for a preliminary injunction (Doc. 12) and **ORDERS** the relief described below. The Court **DENIES** The Pageant Guy's Motions.  (Docs. 15, 23.)  The show (singular) must go on, and the preliminary injunction shall continue until trial.

## I.    Background

The Pageant Guy is a Texas LLC entirely owned and controlled by William L. Henderson.  The Pageant Guy previously operated Miss Texas USA and Miss Texas

1

Teen USA state-level pageants during the 2022, 2023, and 2024 years pursuant to limited-term licenses or agreements that did not grant perpetual ownership, assignment, or independent trademark rights. The Pageant Guy operated the 2025 pageant without a renewed contract. And no new license agreement was executed for 2026.

Many people, including President Trump, have operated the Miss Universe Organization or Miss USA organizations. From 2024 to the present, JKN Legacy Inc. has operated the Miss Universe Organization. In September 2025, the exclusive rights to operate the national pageant and control the associated intellectual property were licensed to BDE, which Thom Brodeur controls. The Pageant Guy did not execute a standstill agreement with BDE and has not paid BDE for the use of Miss Texas or Miss Teen Texas.

The Miss USA and Miss Teen USA marks are part of a nationally controlled and federally protected family of marks that identify the national pageant system and the official pathways into it. The state-level designations, including MISS TEXAS USA and MISS TEXAS TEEN USA, derive their significance from that same national structure. It is only by way of the Texas state-level preliminaries that a contest can participate in the national Miss USA and Miss Teen USA competitions.

Because The Pageant Guy has neither executed a standstill agreement nor paid BDE, BDE considers the state of Texas vacant. Namely, BDE does not have a state level director for Texas. So, BDE launched an open casting call to identify contestants from Texas. Yet, the Pageant Guy has a planned pageant to identify Miss

Texas and Miss Teen Texas July 17–19th in Houston Texas.

## II.    Legal Standard

Preliminary injunctions serve to preserve the status quo and prevent irreparable harm to the movant so the Court can "render a meaningful decision after a trial on the merits."[1]  If the movant satisfies "the four prerequisites for the extraordinary relief of preliminary injunction," the district court has discretion to grant the relief.[2]  The movant must establish:

> (1) a substantial likelihood of success on the merits;
> (2) a substantial threat of irreparable harm if the injunction is not granted;
> (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and
> (4) that the injunction will not undermine the public interest.[3]

## III.    Analysis

Both parties in this case move for preliminary injunctive relief.  And the case turns on whether BDE may control who uses the trademark that JKN Legacy Inc. owns.  For three years The Pageant Guy and Henderson contracted for the right to host the Miss Texas and Miss Teen Texas pageants.  Neither BDE nor JKN Legacy renewed the contractual right to host Miss Texas or Miss Teen Texas for 2026.  Thus, having considered the four factors, the Court concludes that BDE is entitled to a preliminary injunction.

---

[1] *Canal Auth. of Fla. V. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

[2] *Id.*

[3] *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 20 (2008).

## A.   Likelihood of Success

The Court begins with the parties' respective likelihood of success on the merits of their claims.  BDE's complaint brings claims under Section 43(a) of the Lanham Act (for trademark infringement), the Texas common law, and the Texas Business and Commerce Code, among others.  Alternatively, The Pageant Guy brings counterclaims for implied ratification of its authority to conduct the 2026 MISS TEXAS USA and MISS TEEN TEXAS USA pageants and seeks a declaratory judgment that BDE does not have the authority to prohibit it from conducting the 2026 pageants.  Because the claims are mutually exclusive, the parties cannot both be likely to succeed on the merits.

Here, the Interim Agreement grants BDE "the exclusive interim right and authority to manage, operate, and commercially exploit" the Miss USA and Miss Teen USA brands.[4]  And the Interim Agreement prevents the grant of "any overlapping rights to any other party during the term."

BDE establishes a clear likelihood of success on the merits under Section 43(a) of the Lanham Act because it has a cognizable interest in the marks at issue and will "likely to be damaged by" The Pageant Guy's parallel pageant.[5]  The Lanham Act creates civil liability for a person who "uses in commerce any word, term, name, symbol, or device . . . or false or misleading representation of fact"[6] that "is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods,

---

[4] Doc. 12-14 at 5.

[5] 15 U.S.C. § 1125(a)(1)(B).

[6] *Id.* § 1125(a)(1).

4

services, or commercial activities by another person."[7]  This language "is broader than much of the Lanham Act in that it prohibits actions like trademark infringement that deceive consumers and impair a producer's goodwill."[8]

Here, neither party disputes that the dueling uses of the marks at issue are likely to cause confusion: BDE warns of "marketplace confusion in real time."[9]  At the same time, The Pageant Guy seeks a TRO in its favor to prevent consumer confusion that would result from "crown[ing] competing titleholders under the same trade names."[10]  While The Pageant Guy argues that its television production and merchandise sales are "distinct from the competition marks,"[11] the use of the marks is inseparably intertwined with consumers' beliefs about "the origin, sponsorship, or approval" of The Pageant Guy's activities.[12]  Therefore, BDE is likely to prove likelihood of confusion under Section 43(a)(1)(A).[13]

BDE is also "likely to be damaged by" The Pageant Guy's parallel competition.[14]  BDE, although not the owner of the marks, was granted the exclusive right to commercially profit from those marks in Section 3.1 of the Interim Agreement, marks which The Pageant Guy is using to promote its own pageant

---

[7] *Id.* § 1125(a)(1)(A).

[8] *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 686 (N.D. Tex. 2015) (Fish, J.) (cleaned up).

[9] Doc. 12 at 4.

[10] Doc. 23 at 27.

[11] Doc. 25 at 10.

[12] 15 U.S.C. § 1125(a)(1).

[13] *Id.* § 1125(a)(1)(A).

[14] *Id.* § 1125(a)(1)(B).

competition.[15]  Under Section 3.2  of the Interim Agreement, BDE has the exclusive right to "[u]se the Intellectual Property solely in connection with the operation and management of the Brands . . . [c]ollect revenues and manage financial operations of the Brands . . . [and r]epresent the Brands to regulatory authorities, vendors, and other third parties as authorized agent of Licensor."[16]  Any use of those marks by The Pageant Guy to represent its own pageant as a valid pathway to the Miss USA and Miss Teen USA competitions violates the exclusivity of BDE's licensed rights.

The likelihood of confusion and subsequent damage to BDE that stems from The Pageant Guy's use of the marks at issue shows that BDE is likely to succeed on the merits of its claim under the Lanham Act.  Because BDE's claim is mutually exclusive to The Pageant Guy's implied ratification claim, the latter is not likely to succeed on the merits.  Accordingly, the Court only considers the following factors as to BDE's claim because The Pageant Guy is not likely to succeed on the merits, which "is the most important of the preliminary injunction factors."[17]

### B.    Irreparable Harm

The other three elements for a preliminary injunction.  Both sides agree they are met.  They just disagree on who wins on the merits.  Because BDE is likely to win

---

[15] Doc. 12-14 at 5.  The Pageant Guy alleges that BDE's "Open Call" system is a "paradigmatic structural change[]" in violation of Section 5.2 of the IFMA, which prohibits BDE from making "any material changes to the operational structure, management personnel, or business model of the Brands without Licensor's prior written consent." Doc. 25 at 6; Doc. 12-14 at 8. Even if true, The Pageant Guy does not have a cause of action and may not obtain issuance of a temporary restraining order based on an alleged breach of contract by BDE against JKN Legacy Inc.

[16] Doc. 12-14 at 6.

[17] *Mock v. Garland*, 75 F.4th 563, 587 n.60 (5th Cir. 2023).

the final round of this competition, then it has also unsurprisingly proven the harm, public interest, and equities factors.

As to irreparable harm, an injury is irreparable "if it cannot be undone through monetary remedies."[18]  And the plaintiff must have more than an unfounded fear of harm.[19]

Here, BDE alleges harm is the loss of control over the marks, contestants entering the wrong pageant, and the damages to the goodwill of the brand. Furthermore, BDE is entitled to the Lanham Act's rebuttable presumption of irreparable harm upon showing likelihood of success.[20]  The Pageant Guy has failed to rebut the presumption of irreparable injury because it has no license to use the marks, did not execute a standstill agreement with BDE, and has paid no fees to BDE.[21]  "Even without the presumption of the Lanham Act, a plaintiff's lack of control over the quality of the defendant's goods or services constitutes an immediate and

---

[18] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012).

[19] *Kidd v. Dir. Fed. Bureau Prisons*, 2:19-CV-113-Z, 2020 WL 759298, at *4 (N.D. Tex. Feb. 14, 2020) (Kacsmaryk, J.) (citing *Holland v. Am. Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir. 1985)).

[20] 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order."); *see also Totalcare Healthcare Servs., LLC v. TotalMD, LLC*, 643 F. Supp. 3d 636, 649 (N.D. Tex. 2022) (Pittman, J.) ("The Lanham Act states that irreparable injury is presumed in cases of trademark infringement whenever there is a likelihood of confusion.").

[21] *See* Doc. 12-1, ¶¶ 37, 39–41, 65; Doc. 24-1 ¶¶ 12–13, 22, 38–39.

irreparable injury, regardless of the actual quality of those goods or services."[22]  So the Court holds that BDE will suffer irreparable injury.

### C.      Balance of the Equities

For the third element, the Court weighs the harm BDE faces without a preliminary injunction against the harm the injunction would cause to The Pageant Guy.  This balance of equities weighs strongly in favor of BDE.  BDE seeks to enjoin The Pageant Guy from further misleading the public that its upcoming pageant will make women eligible to compete as Miss USA.  It will not.  So, while The Pageant Guy may be harmed by having to cancel his upcoming pageant, it pales in comparison to the unpaid use of marks to which The Pageant Guy has no authority to use.  In short, a preliminary injunction asks little more than for The Pageant Guy to comply with federal trademark law and to stop misleading the public.  Further misleading advertising serves no lawful purpose.  Of course, The Pageant Guy can have his own pageant. BDE does not have a monopoly on pageants.  But it cannot advertise itself as part of the Miss USA ecosystem when it is not.

### D.      The Public Interest

And finally, a preliminary injunction prohibiting The Pageant Guy from misleading women into entering a pageant that doesn't qualify its contests to be part of the Miss USA ecosystem serves the public interest.  "The public interest is always served by requiring compliance with Congressional statutes such as the Lanham Act

---

[22] *Totalcare Healthcare*, 643 F. Supp. 3d at 649 (cleaned up).

8

and by enjoining the use of infringing marks."[23]  Said another way, "the public has an interest in not being deceived."[24]

Courts will often discuss whether an injunction protects consumers from deception or whether it will impede the free market.  Here, women who are interested in becoming Miss Texas would find no value in entering a The Pageant Guy competition for its own sake, instead only entering the regional pageant for the chance to compete at the national and international stage.  So, an injunction does not impede the free market of pageants.  Thus, the fourth element weighs in favor of granting the preliminary injunction to prevent further violations of the Lanham Act.

All four factors weigh in favor of a preliminary injunction. The court therefore grants BDE's motion.

## IV.    Scope of Injunction

"As with injunctive relief generally, an equitable remedy for trademark infringement should be no broader than necessary to prevent the deception."[25]  Here, the Court concludes that a total injunction is necessary to prevent harm to BDE's reputation and to prevent a would-be Miss USA from inadvertently participating in the wrong pageant.

## V.    Conclusion

Accordingly, the Court **GRANTS** BDE's motion (Doc. 12), the Court **DENIES**

---

[23] *S & H Indus. v. Selander*, 932 F. Supp. 2d 754, 765 (N.D. Tex. 2013) (Lynn, J.) (cleaned up).

[24] *N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

[25] *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (cleaned up).

The Pageant Guy's motions (Docs. 15, 23), and **ORDERS** as follows:

**IT IS THEREFORE ORDERED** that Defendants The Pageant Guy Productions, LLC and William L. Henderson, and their officers, agents, servants, employees, and attorneys; and, other persons who are in active concert or participation with anyone described above, are immediately **RESTRAINED** and **ENJOINED** from:

1. Using the MISS TEXAS USA, MISS TEXAS TEEN USA, MISS TEEN TEXAS USA marks, or any confusingly similar marks, in any manner whatsoever, including in advertising, promotion, contestant communications, websites, social media, email communications, sponsorship materials, productions, commercial activity, or public-facing communications;

2. Advertising, promoting, operating, organizing, conducting, hosting, sponsoring, livestreaming, filming, producing, or otherwise facilitating any pageant, competition, casting process, open call, entertainment production, reality show, or related activity using the marks or any confusingly similar marks;

3. Soliciting contestants, accepting applications, collecting deposits, entry fees, sponsorship funds, appearance fees, or any other consideration in connection with any pageant, competition, or activity using the marks or confusingly similar marks;

4. Representing, expressly or impliedly, that Defendants are authorized, affiliated with, sponsored by, approved by, endorsed by, or otherwise connected with the official Miss USA or Miss Teen USA system;

5. Using, accessing, controlling, displaying, maintaining, operating, promoting, or distributing content through any domain names, websites, social media accounts, contestant portals, email addresses, or digital platforms using the marks, including MissTexasUSA.com or related channels, in any manner suggesting authorization, sponsorship, approval, or affiliation;

6. Using contestant-facing communications, promotional materials, branded signatures, logos, or messaging that suggest that Defendants remain the official Texas state-level director or operator for Miss USA and Miss Teen USA;

7. Producing, promoting, advertising, filming, distributing, or publicly associating any reality show, documentary, or media production with the marks, including the "Road to Miss Texas USA" production;

8. Using the marks in any manner, including, but not limited to those, likely to cause confusion, mistake, deception, or false association;

9. Destroying, altering, concealing, deleting, transferring, or failing to preserve documents or electronically stored information relating to the marks, pageant operations, contestant communications, trademark applications, or the allegations in this action.

**IT IS FURTHER ORDERED** that Defendants shall:

1. Immediately remove or disable all public-facing uses of the marks from websites, social media, advertisements, contestant portals, promotional materials, and communications;

2. Immediately cease all contestant solicitation and fee collection activities conducted under the marks;

3. Preserve all records, communications, electronically stored information, contestant data, sponsorship information, and financial records relating to the marks and the conduct alleged;

4. File with the Court, within 4 days, a written certification describing compliance with this Order;

5. Provide actual notice of this Order to all persons acting in concert or participation with Defendants.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(c), the Court finds that security should be and hereby is set in the amount of $0.

This preliminary injunction shall last until continue until trial unless altered by this Court or a court of competent jurisdiction.

**IT IS SO ORDERED** this 23rd day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

12